Morris, Ex parte.

# CONTEMPT.

[Hamilton (1st) Circuit Court, June 8, 1906.]

Jelke, Swing and Giffen, JJ.

## EX PARTE FROOME MORRIS.

1. ASSISTANT PROSECUTOR NOT AMENABLE TO CHARGE OF CONTEMPT FOR REFUSING TO ENTER NOLLE PROSEQUI.

    An assistant prosecuting attorney is not amenable to a charge of contempt for refusing to obey an order of court to prepare and present a *nolle prosequi* in a specified case. Such an order should be directed to the prosecuting attorney.

2. JURISDICTION OF CIRCUIT COURT IN CONTEMPT PROCEEDINGS.

    The circuit court has jurisdiction in *habeas corpus* in the case of one committed for contempt by a common pleas judge who was without jurisdiction in the premises.

3. COURTS SHOULD CONFORM TO STATUTE PRESCRIBING MANNER OF EXERCISE OF CONTEMPT PROCEEDINGS.

    While courts do not derive their power to punish for contempt from any statute, it is their duty to conform to a statute which does not abridge this power but simply points out the manner in which it shall be exercised.

4. REFUSAL TO ENTER NOLLE PROSEQUI NOT PUNISHABLE SUMMARILY.

    Resistance to a command of court to enter a *nolle prosequi* in a certain case is not punishable summarily but only under the procedure, provided in Rev. Stat. 5641 (Lan. 9173), and unless that procedure as to the filing of written charges, etc., is conformed with, a court is without jurisdiction to punish for a contempt thus committed.

[Syllabus by the court.]

HABEAS CORPUS.

**H. M. Rulison, L. B. Sawyer, E. M. Ballard** and **Froome Morris,** for petitioner.

**F. F. Dinsmore** and **W. L. Dickson,** contra.

## SWING, J.

    This is an action in this court in *habeas corpus.* In the case of *State* v. *William Utz,* said Utz was tried in the court of common pleas and a verdict of guilty was rendered by the jury. A motion for a new trial was filed, which motion the court granted, as shown by the following entry:

    "This day came the prosecuting attorney, on behalf of the state of Ohio, the defendant being brought into court in custody of the sheriff, his counsel also appearing. And this cause coming on to be heard upon the motion for a new trial, after full consideration and being fully advised in the premises, the court grants the motion for a new trial, and

the verdict heretofore entered herein is set aside and held for naught. It is further ordered that a *nolle prosequi* be entered in this cause, and the defendant is discharged from further answering to the indictment filed in this court against him.''

Then follows the following entry:

''It appearing to the court that in this case the court upon consideration of this motion for a new trial from the evidence overwhelmingly in favor of the prisoner, granted said motion, and in view of the fact that the defendant established an alibi by a great preponderance of the evidence, directed and commanded Mr. Froome Morris, the assistant prosecuting attorney of this court, to draw in form a *nolle prosequi;* that said assistant prosecuting attorney thereupon retired in the forenoon and without having produced said *nolle,* the court again called for said form, to which Mr. Morris did not respond; that thereafter the court again called for Mr. Morris and he responded, declining to produce or draw said *nolle* on the ground that the court had no authority so to do, and that he as assistant prosecuting attorney had no authority so to do. He also admitted in open court that he summoned the reporters of the papers, stating to them that if he found the court was wrong he would refuse to comply with the court's order. All this having been done in open court and in the presence of the judge presiding in said room, the court again cautioned Mr. Morris that it would be a contempt if he failed to obey the court's order, and said Morris again refusing to obey said order, unless the court put it in the form of a request instead of a command or order, and after consulting Hiram Rulison, the prosecuting attorney, who was willing that a *nolle* be entered, said Morris again refusing to draw said form, the court thereupon found said Froome Morris guilty of a willful contempt and disobedience to the order of said court, and ordered that he pay a fine of one hundred dollars to be paid into the county treasury, and that he be committed until such fine is paid, to all of which Mr. Froome Morris objected and excepted.

''And the sheriff of Hamilton county, Ohio, is hereby ordered to take the said Froome Morris into custody, he having refused to pay said fine into court, and that he be confined until said sum is paid or he be otherwise discharged by law.''

The entry recites that Froome Morris is the ''assistant prosecuting attorney of this court'' and that Hiram Rulison is the prosecuting attorney. It does not appear from the record in the case of *State* v. *Utz,* that said Morris had anything to do with the trial of that case. On the contrary, the record discloses that the case was prosecuted by the prosecuting attorney, but we think it is fair to presume that Froome Morris

Morris, Ex parte.

at least assisted in the prosecution and was so engaged at the time the judge found him guilty of contempt.

We think the court is justified in construing the order of the court to be one directing Froome Morris to furnish an entry as prosecuting attorney to *nolle* the indictment. It cannot be, that the judge was directing said Morris to furnish a form of a *nolle,* and that said Morris refused this kind of an order; this would be such a trifling matter that we cannot conceive that either the judge or said Morris would enter into it; besides a fair construction of the order excludes any such construction. In effect then the order of the judge was a punishment for a contempt of Morris as prosecuting attorney in not presenting to the court a *nolle prosequi* of the indictment against Utz. Whether or not the judge would be justified in this case in making such an order on the prosecuting attorney is not here for determination, but we think it evident, if he had such power, it must be directed to the prosecuting attorney himself, and not to an assistant prosecuting attorney. The assistant prosecuting attorney certainly would not, without first being authorized by the prosecuting attorney, ask the court to enter a *nolle prosequi* in a case. The statute points out that the prosecuting attorney may by consent of the court enter a *nolle prosequi.* Revised Statutes 1275 (Lan. 2653) is as follows:

"[*Nolle prosequi* not valid unless entered by leave of the court.] The prosecuting attorney shall not enter a *nolle prosequi* in any cause, without leave of the court, on good cause shown, in open court; and any *nolle prosequi* entered contrary to this section shall be invalid."

We are therefore of the opinion that the judge was not justified in ordering the said Morris to enter the order in question.

Possibly we are not called upon to make this holding from the record in this case, but are of opinion that it should be done in view of what may arise in the case.

The main question in the case is whether this court has jurisdiction in habeas corpus, and that, we think, depends on whether the judge had jurisdiction to punish Morris as for a contempt upon the facts as disclosed by the record. Our statute, commencing with Rev. Stat. 5639 (Lan. 9171), provides for punishments for contempts of court. While it is evident that courts do not derive their power to punish for contempts from the statute, as such power must exist from necessity, for without it courts could not hear and decide cases or enforce their judgments when rendered, and therefore any law passed by the legislature which would in a substantial manner abridge this power would be invalid, we are of opinion, however, that our statute does not abridge this power of the

courts. It simply points out the manner in which this power shall be exercised and to this we think the courts should conform; and in conforming to these provisions, we think the court is aided rather than hindered. They seem to us wise and reasonable, and should be followed in such proceedings.

Revised Statutes 5639 (Lan. 9171), is as follows:

"[*What contempts may be punished summarily.*] A court, or judge at chambers, may punish, summarily, a person guilty of misbehavior in the presence of or so near the court or judge as to obstruct the administration of justice."

The record shows that Morris was not obstructing the administration of justice, and therefore could not be adjudged guilty of contempt and punished under this section. He was ordered to furnish a *nolle prosequi* in the case of *Ohio* v. *Utz,* and refused to do it; if guilty of a contempt in refusing to obey this order of the court, it came under the first provision of Rev. Stat. 5640 (Lan. 9172), which is as follows: "Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer;" and if under this section, by Rev. Stat. 5641 (Lan. 9173), which is as follows:

"[*When accused entitled to be heard.*] In cases under the last section, a charge in writing shall be filed with the clerk, an entry thereof made upon the journal, and an opportunity given to the accused to be heard, by himself or counsel; but this section shall not be so construed as to prevent the court from issuing process to bring the accused party into court, or from holding him in custody, pending such proceedings."

Morris was entitled to be heard before the court upon written charges. And this was not done. The decision of the court on the hearing on the written charges is what the court is authorized to punish as for a contempt, and without such charge in writing the court had no jurisdiction to punish for contempt.

We therefore hold that we have jurisdiction in this case, and that the prisoner should be discharged.

**Jelke** and **Giffen, JJ.,** concur.